SALVATORE VOLPE, PLAINTIFF-RESPONDENT, v. WIL-
LIAM PERRUZZI, DEFENDANT-APPELLANT.

Submitted May 26, 1939—Decided September 22, 1939.

For the appellant, *Kellogg & Chance* (*R. Robinson Chance*, of counsel).

For the respondent, *Louis Dworetz* (*Charles C. Stalter*, of counsel).

PER CURIAM.

This is an appeal from a judgment of the Supreme Court which affirmed a judgment of $15,500 in favor of the respondent and against the appellant, entered in the Passaic County Circuit Court on the verdict of a jury. The action was in negligence to recover for personal injuries sustained by the respondent when he was struck by the defendant's automobile as he was walking on a cross-walk at Broadway and Main street in the city of Paterson. The respondent is totally blind as the result of his injuries.

On the appeal below in the Supreme Court three separate points were argued. Two of these points have been abandoned on this appeal and the appellant argues only that the trial court erred in denying motions for a nonsuit and for a direction of a verdict in favor of the appellant. The appellant contends that the respondent was guilty of contributory negligence as a matter of law. We think not.

The intersection at which the accident occurred is a peculiar one in that there are five crossings there. It was dark and there was snow on the ground. The respondent's testimony is that he was crossing Broadway on the crosswalk with other people when he was struck by the appellant's car. The appellant's testimony is that he stopped his car on the near side of the street, then he started up and proceeded across, with his lights on, at ten miles an hour, and that the respondent was struck on the far crosswalk.

The argument of the appellant is based on testimony of the respondent that he made an observation in all ways and had a good view and did not see the car approaching. The appellant takes the position that, where the plaintiff testifies he made an observation but did not see an approaching car, the rule is that he is guilty of contributory negligence as a matter of law, for the reason that if he had made the effective observation which a reasonable man should make under the same circumstances, he would have seen the car. That is generally the rule as it is stated in the cases relied on by the appellant, including *Branigan* v. *Demarest,* 109 *N. J. L.* 123, and *Trimboli* v. *Public Service Co-ordinated Transport,* 111 *Id.* 481. It is not controlling here.

For the Supreme Court, the chief justice said:

"The facts in this case are quite different from those in the cases just mentioned. Further, our Traffic act (*R. S.* 39 :4-36) provides that the driver of a vehicle 'shall yield the right of way to a pedestrian crossing a roadway within any marked crosswalk or within any unmarked sidewalk at the end of the block except at intersections where the movement of traffic is being regulated by police officers or traffic control signals.' The provisions of the Traffic act, *supra,* do not of course make the operator of an automobile the insurer of the

safety of pedestrians who cross the roadway at a crosswalk; nor do they relieve the pedestrian of the duty of looking out for his own safety as an ordinarily prudent person would do in the circumstances; but in the estimate of what ordinary prudence is in the situation here, there must be some consideration given to the law which ordains that the pedestrian crossing at the crosswalk is entitled to the right of way. And so, in looking at all the facts of the case, we are in accord with the learned trial judge that it was for the jury to say whether the defendant was negligent and likewise whether the plaintiff was guilty of negligence that contributed to the accident."

We concur in this conclusion.

For this reason the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.